UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------
In re

    ROXANNE M. DZIEDZIC d/b/a
    HANDS TO HEALTH CHIROPRACTIC        08-14061 B

                 Debtor                      DECISION & ORDER
------------------------------------------------

        Penney, Maier & Wallach
        Mark S. Wallach, Esq., of counsel
        169 Delaware Avenue
        Buffalo, New York 14202
        Attorneys for the Trustee

        Raymond C. Stilwell, Esq.
        17 Beresford Court
        Williamsville, New York 14221
        Attorney for the Debtor

Bucki, Chief U.S.B.J., W.D.N.Y.

This dispute involves the extent to which a self-employed individual may avail herself of the exemption that New York allows for ninety percent of the earnings attributable to personal services rendered within sixty days of the filing of a bankruptcy petition.

Roxanne Dziedzic is a chiropractor who was operating a private practice at the time that she filed a petition for relief under Chapter 7 of the Bankruptcy Code on September 15, 2008. On the day of her filing, Dr. Dziedzic held funds totaling $5,725.49, which consisted of $100 in cash and $5,625.49 of bank deposits. In amended schedules, the debtor claims this entire amount as exempt from the trustee's administration. Asserting that the debtor has overstated the amount of her exemption, the trustee has timely filed the present objection.

For residents of New York State, Article 10-A of the Debtor and Creditor Law defines the personal exemptions available to a debtor in bankruptcy. The current dispute focuses on two provisions of this article. Debtor and Creditor Law §283(2) allows a cash exemption for up to $2,500, to those debtors who do not elect a homestead exemption. Additionally, Debtor and Creditor Law §282 provides that an individual debtor may exempt from property of the estate any personal property that is "exempt from application to the satisfaction of money judgments" under section 5205 of the Civil Practice Law and Rules. In relevant part, this latter statute states:

> The following personal property is exempt from application to the satisfaction of a money judgment, except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his dependents: . . . . 2. Ninety per cent of the earnings of the judgment debtor for his personal services rendered within sixty days before, and at any time after, an income execution is delivered to the sheriff or a motion is made to secure the application of the judgment debtor's earnings to the satisfaction of the judgment. . . .

C.P.L.R. §5205(d).

The exemptions for cash and for ninety percent of wages are not mutually preclusive. To the extent that a debtor qualifies for each of the exemptions, she may use Debtor and Creditor Law §283 to claim a cash exemption with respect to certain funds, and at the same time may use Debtor and Creditor Law §282 and C.P.L.R. §5205(d) to claim an exemption for ninety percent of other funds that derive from earnings for personal services rendered within sixty days of the bankruptcy filing. *See In re Maidman*, 141 B.R. 571 (Bankr. S.D.N.Y. 1992), *In re Wrobel*, 268 B.R. 342 (Bankr. W.D.N.Y. 2001). Presently at issue is the amount for which Dr. Dziedzic can separately qualify under each exemption.

The debtor and her trustee agree that section 283 of the New York Debtor and Creditor Law allows Dziedzic to exempt $2,500 of her cash and bank deposits.

On the other hand, Dr. Dziedzic concedes that she can claim no valid exemption for deposits of $2,079.38. Thus, out of cash and deposits totaling $5,725.49, the present dispute focuses upon the remaining sum of $1,146.11. The trustee accepts the debtor's assertion that this remainder is traceable to chiropractic fees charged to patients during the sixty days prior to her bankruptcy filing. Also, the trustee does not assert that the receipts are unnecessary for the debtor's reasonable needs and requirements. The parties disagree, however, about whether these fees qualify under C.P.L.R. §5205(d) as earnings attributable to personal services. Dziedzic contends that because her chiropractic services provided consideration for the fees, those fees must necessarily constitute earnings for her personal services. The trustee responds that these collections represent the gross receipts of a business, and that the exemption applies only to ninety percent of the debtor's net income after deduction of all business expenses. For the reasons stated hereafter, the court finds that New York law requires application of the trustee's position.

In 1962, New York State enacted the Civil Practice Law and Rules ("C.P.L.R."). The text of C.P.L.R. §5205(d) was derived from essentially identical language in the Civil Practice Act of 1920, which in turn was derived from similar language in the Code of Civil Procedure of 1876. Neither party has cited any judicial interpretation of C.P.L.R. §5205(d). Nonetheless, because its operative text was unchanged from the prior statutes, we must still follow precedents interpreting comparable provisions of the Civil Practice Act and the Code of Civil Procedure.

In applying the exemption for earnings from personal services, New York courts have distinguished the exempt earnings of an employee from the non-exempt proceeds of a business that the debtor conducts. For example, in *Prince v. Brett*, 21 A.D. 190 (1897), the court denied an exemption for "[m]oney received by a saloon keeper in the conduct of his business." Similarly, the Appellate Division

disallowed the claim of an exemption for the earnings of a self-employed ice merchant. *Mulford v. Gibbs*, 9 A.D. 490 (1896). Denying an exemption for the income of a dairy farmer, the state court ruled "that this money could hardly be considered as having been received as *earnings* for his personal services *rendered* within the last sixty days. It was rather the proceeds of a business carried on by him." *Matter of Wyman*, 76 A.D. 292, 295 (1902).

As a general rule, therefore, New York disallows an exemption for income derived from a business that the debtor conducts. However, an exception is made "where the services [of the debtor] are the chief factor" in the earnings of the business. *McSkimin v. Knowlton*, 20 N.Y. Civ. Proc. R. 274, 14 N.Y.S. 283, 284 (Court of Common Pleas, 1891). But in such instances, the exemption will extend only "to the net proceeds or profits of a business." *Schafer v. Tyroler*, 94 Misc. 127, 129 (New York City Court, 1916). *Accord, 1101 Park Ave. Corp. v. Cornell*, 133 Misc. 397 (New York City Court, 1928).

> New York Jurisprudence 2d accurately summarizes the controlling standard:
>
>> The exemption of earnings for personal services does not apply to the net product of the business of a merchant or dealer in which the investment of capital and the employment of labor predominate, even though the debtor takes a part in the conduct of his own business. . . . On the other hand, the exemption applies to the net proceeds or profits of a business where the debtor's services are the chief factors in it, even though such business is conducted with the assistance of others.

59 N.Y. JUR. 2d *Exemptions* § 42 (2005). Accordingly, for self-employed individuals, C.P.L.R. 5205(d) allows an exemption only when the debtor's personal services are the chief factor in the creation of net income, and then only to the extent of 90 percent of income net of all business expenses.[1]

---

[1] We must not confuse the concepts of net business income and gross personal income. C.P.L.R. §5205(d) operates as a corollary to C.P.L.R. §5231(b), which allows a judgment creditor to garnish not more than 10 percent of an employee's gross income, without deduction for such required withholdings as social security and federal, state, and local taxes. This gross income, however, represents income received from an employer who has already

In the present instance, Dr. Dziedzic maintains a chiropractic office in which her own services constitute the chief factor in the earnings of the business. Accordingly, she will receive an income exemption, but only for the net proceeds from her practice. In schedules filed with her petition, the debtor estimated an average monthly gross income of $14,293 and average monthly expenses of $11,695. Thus, the debtor derives an average monthly net income of $2,598, or 18.2 percent of gross receipts. The trustee reasonably proposes to apply this percentage to determine the personal service component of business receipts. Here, the bankruptcy estate includes fees paid for services rendered during the sixty days prior to the date of bankruptcy filing, in the amount of $1,146.11. Of this sum, 18.2 percent or $208.59 will be deemed to constitute earnings of the debtor for her personal services. Pursuant to C.P.L.R. § 5205(d), in addition to her other cash exemption, the debtor may exempt ninety percent of these personal service earnings, or $187.73.

For the reasons stated herein, the debtor may exempt $2,500 pursuant to Debtor and Creditor Law §283, as well as the further sum of $187.73 pursuant to Debtor and Creditor Law §282 and C.P.L.R. §5205(d). Accordingly, from cash and deposits of $5,725.49, the debtor may retain the total exempt amount of $2,687.73. Dr. Dziedzic must, however, turn over the non-exempt balance of $3,037.76 to the trustee for administration.

So Ordered.

Dated:     Buffalo, New York                    /s/    CARL L. BUCKI
           March 24, 2009                       Chief, U.S.B.J., W.D.N.Y.

---

assumed necessary business expenses. To make a corresponding calculation of gross personal income, the self-employed must deduct non-personal business expenses from total earnings.